THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE MARVIN BAGLEY, et al., <br><br> Defendants. | **Memorandum Decision and Order Granting Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees** <br><br> Case No. 4:23-cv-00007-DN-PK <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul Kohler |
| RAYMOND MAX SNYDER, <br><br> Plaintiff, <br><br> v. <br><br> SIXTH JUDICIAL DISTRICT OF UTAH, et al., <br><br> Defendants. | **Memorandum Decision and Order Granting Defendant Matthew Howell's Motion for Award of Attorneys' Fees and Costs** <br><br> Case No. 4:23-cv-00008-DN-PK <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul Kohler |
| RAYMOND MAX SNYDER, <br><br> Plaintiff, <br><br> v. <br><br> ALEX GOBLE, et al., <br><br> Defendants. | **Memorandum Decision and Order Granting Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees** <br><br> Case No. 4:23-cv-00056-DN-PK <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul Kohler |

Defendant Lauara Ann Lisk ("Lisk") filed her Motion for Award of Attorneys' Fees[1] in case no. 4:23-cv-00007-DN-PK and a near-identical Motion for Award of Attorneys' Fees[2] in case no. 4:23-cv-00056-DN-PK (together "Lisk Motions"). Defendant Matthew Howell ("Howell") filed a very similar motion in civil case no. 4:23-cv-00008-DN-PK ("Howell Motion" and together with Lisk Motions, "Fee Motions")[3]. The Fee Motions seek the award of costs and attorneys' fees under 42 U.S.C. § 1988(b) and 28 U.S.C. § 1927. Plaintiff Raymond Snyder ("Snyder") filed his Opposition brief ("Opposition") in response to the Fee Motions.[4] Lisk and Howell filed replies in support of the Fee Motions[5] and Snyder submitted two additional objections ("Objections").[6] Careful review has been completed of the Fee Motions,

---

[1] Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees, docket no. 86, civil case no. 4:23-cv-00007-DN-PK, filed January 29, 2024.

[2] Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees, docket no. 90, civil case no. 4:23-cv-00056-DN-PK, filed January 29, 2024.

[3] Defendant Matthew Howell's Motion for Award of Attorneys' Fees and Costs, docket no. 51, case no. 4:23-cv-00008-DN-PK, filed January 30, 2024.

[4] Opposition to Defendant Lauara Ann Lisk's Motion for Attorney Fees, docket no 89, case no. 4:23-cv-00007-DN-PK, filed January 31, 2024; Opposition to Defendant Lauara Ann Lisk's Motion for Attorney Fees, docket no. 92, case no. 4:23-cv-00056-DN-PK, filed January 31, 2024; Opposition to Defendant's Motion for Attorney Fees, docket no. 52, case no. 4:23-cv-00008-DN-PK, filed January 31, 2024.

[5] Reply Memorandum in Support of Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees and Costs, docket no. 90, case no. 4:23-cv-00007-DN-PK, filed February 9, 2024; Reply Memorandum in Support of Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees and Costs, docket no. 93, case no. 4:23-cv-00056-DN-PK, filed February 9, 2024; Reply Memorandum in Support of Defendant Matthew Howell's Motion for Award of Attorneys' Fees and Costs, docket no. 53, case no. 4:23-cv-00008-DN-PK, filed February 12, 2024.

[6] Plaintiff Response and Objection to All Defendants Lauara Ann Lisk, Matthew Howell and their Attorneys' Motions to be Awarded Attorney Fees, Notice of Fraud on the Court, Motion for Sanctions Under FRCP Rule 11(c)(3) and Plaintiff's Request that Defendants Voluntarily Submit to an Investigation by Law Enforcement, docket no. 95, case no. 4:23-cv-00007-DN-PK, filed February 12, 2024; Plaintiff Response and Objection to All Defendants Lauara Ann Lisk, Matthew Howell and their Attorneys' Motions to be Awarded Attorney Fees, Notice of Fraud on the Court, Motion for Sanctions Under FRCP Rule 11(c)(3) and Plaintiff's Request that Defendants Voluntarily Submit to an Investigation by Law Enforcement, docket no. 98, case no. 4:23-cv-00056-DN-PK, filed February 12, 2024; Plaintiff Response and Objection to All Defendants Lauara Ann Lisk, Matthew Howell and their Attorneys' Motions to be Awarded Attorney Fees, Notice of Fraud on the Court, Motion for Sanctions Under FRCP Rule 11(c)(3) and Plaintiff's Request that Defendants Voluntarily Submit to an Investigation by Law Enforcement, docket no. 57, case no. 4:23-cv-00008-DN-PK, filed February 12, 2024; Plaintiff Objection to All Defendants' and their Attorneys' Motions to be Awarded Attorney Fees, docket no. 94, case no. 4:23-cv-00007-DN-PK, filed February 16, 2024; Plaintiff Objection to All Defendants' and their Attorneys' Motions to be Awarded Attorney Fees, docket no. 97, case no. 4:23-cv-00007-DN-PK, filed February 16, 2024; Plaintiff Objection to All Defendants'

the Opposition, the replies, and the Objections. For the reasons explained below, the Fee Motions are GRANTED.

## BACKGROUND

Snyder brought a variety of claims in multiple actions against Lisk and Howell including for their alleged connections to violations of 42 U.S.C. § 1983.[7] On October 5, 2023, Magistrate Judge Paul Kohler entered a Report and Recommendation detailing Snyder's history of vexatious and abusive litigation, and recommended dismissal based on the jurisdictional doctrine of abstention.[8] Judge Kohler also recommended Snyder be designated a restricted filer based on Snyder's repetitive and meritless filings.[9] The Report and Recommendation applied to all three cases.[10] A Memorandum Decision and Order Adopting Report and Recommendation ("Order of Dismissal")[11] was entered January 17, 2024. The Order of Dismissal found that Snyder had engaged in a lengthy history of abusive litigation, had been the subject of sanctions, and had previously been found to be a vexatious litigant in Utah state courts.[12] The Order of Dismissal found the abstention doctrine applied to Snyder's claims and dismissed all of Snyder's claims in

---

and their Attorneys' Motions to be Awarded Attorney Fees, docket no. 56, case no. 4:23-cv-00008-DN-PK, filed February 16, 2024.

[7] Second Amended Complaint, docket no. 19 at 1-3, case no. 4:23-cv-00007-DN-PK, filed March 2, 2023 (brought against Lisk); Amended Complaint, docket no. 13 at 1-3, case no. 4:23-cv-00056-DN-PK, filed July 27, 2023 (against Lisk); Amended Complaint, docket no. 6 at 1-3, case no. 4:23-cv-00008-DN-PK, filed January 31, 2023 (against Howell).

[8] Report and Recommendation, docket no. 78, case no. 4:23-cv-00007-DN-PK, filed October 5, 2023.

[9] *Id.*

[10] *Id.*

[11] Docket no. 80, filed January 17, 2024.

[12] *Id.* at 2.

the three federal actions.[13] The Order of Dismissal also found Snyder was a vexatious litigant and designated Snyder a restricted filer.[14]

## ANALYSIS

Section 1988[15] gives courts discretion to award reasonable attorneys' fees to prevailing parties in certain types of cases including those brought under 42 U.S.C. § 1983. The Tenth Circuit has explained that attorney fees pursuant to § 1988 are appropriate where a suit is "vexatious, frivolous, or brought to harass . . . ."[16] Snyder is a vexatious litigant. Awarding Lisk and Howell reasonable attorney fees is appropriate given Snyder's abusive litigiousness. Snyder's Oppositions and Objections to the Fee Motions highlight his repetitive, meritless attempts to relitigate issues ad nauseum. His attempt in the Opposition and Objections to relitigate the underlying merits of the cases is rejected. Tellingly, Snyder does not address the legal arguments in the Fee Motions.

Lisk and Howell also assert 42 U.S.C. § 1927 may provide support for awarding attorney fees.[17] While there is a circuit split on whether § 1927 applies to pro se litigants, the Tenth Circuit has held that § 1927 is only available against attorneys.[18] Accordingly, the award of attorneys' fees in this case is not based on § 1927.

---

[13] *Id.* at 3-4.

[14] *Id.* at 5-6.

[15] 42 U.S.C. § 1988.

[16] *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221–22 (10th Cir.2006).

[17] Docket no. 86 at 4-5, case no. 4:23-cv-00007-DN-PK, filed January 29, 2024.

[18] *Snyder v. Acord Corp.*, 811 F. App'x 447, 466 (10th Cir. 2020) (quoting *Steinert v. Winn Grp.*, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006).

## ORDER

IT IS HEREBY ORDERED that the three Fee Motions[19] are GRANTED. A review of the attorney fees requested in the Fee Motions and the accompanying affidavits and supporting materials has been completed and it is FURTHER ORDERED as follows:

1. Lisk is awarded $21,562.00 in attorneys' fees and $156.70 in costs which is the combined requested costs and attorneys' fees for case no. 4:23-cv-00056-DN-PK and case no. 4:23-cv-00007-DN-PK;

2. Howell is ordered to submit a declaration pursuant to DUCivR 54-2 within 14 days detailing the reasonable attorneys' fees and costs directly attributable to case no. 4:23-cv-00008-DN-PK;

Signed September 28, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[19] Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees, docket no. 86, civil case no. 4:23-cv-00007-DN-PK, filed January 29, 2024; Defendant Lauara Ann Lisk's Motion for Award of Attorneys' Fees, docket no. 90, civil case no. 4:23-cv-00056-DN-PK, filed January 29, 2024; Defendant Matthew Howell's Motion for Award of Attorneys' Fees and Costs, docket no. 51, case no. 4:23-cv-00008-DN-PK, filed Januray 30, 2024.